**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

JOY L. CHACON,

                                    **Plaintiff,**                    **MEMORANDUM**
                                                                     **AND ORDER**

              -against-
                                                                     **17-CV-1997 (MKB)**


**THOMAS E. PRICE, M.D., et al.,**

                                    **Defendants.**
-------------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

*Pro se* plaintiff Joy L. Chacon ("plaintiff") has submitted a letter dated December 28,

2017, which was docketed into the Electronic Case Filing ("ECF") court file on January 3,

2018, in which she purports to "withdraw[ ] [her] case without prejudice due to her perception

of bias and denial of due process by the Court." Notice of Voluntary Dismissal Without

Prejudice ("Pl. Notice") at 1, Docket Entry ("DE") #14.

As an initial matter, a plaintiff may voluntarily dismiss a case without a court order

only (i) before the defendant has answered the complaint or (ii) by way of "a stipulation of

dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). As

defendants in this case filed their answer on November 27, 2017, plaintiff may not withdraw

her case unilaterally. Therefore, her Notice of Voluntary Dismissal is ineffective.

As for plaintiff's allegation that the Court has deprived her of due process and is biased

against her, her principal complaint is that the Court still has not ruled on her motion for

default judgment and failed to address that motion at the December 15th court proceeding.

See Pl. Notice at 1-2. However, the Court would have addressed the motion at the December

15th court-ordered proceeding but for the fact that plaintiff failed to appear.  See Minute Entry (Dec. 15, 2017) ("12/15/17 Minute Entry") at 1, DE #13.  Rather than address the motion in her absence, the Court afforded plaintiff another opportunity to be heard and adjourned the proceeding to January 24, 2018, at 9:15 a.m.  See id. at 2.  That in-court proceeding will go forward as scheduled.

Plaintiff also complains about the Court's purported "mischaracteriz[ation]" regarding when plaintiff "notified the Court of her unavailability for the December 15 conference . . . ." Pl. Notice at 2.  While the record reflects that plaintiff's letter was delivered by mail to the courthouse at some point on December 14, 2017, it was not docketed into the ECF court file until 12:16 p.m. the following day, only slightly more than two hours before the proceeding scheduled for 2:30 that afternoon.  See Plaintiff's Response to November 28 Scheduling Order, DE #12.  Thus, there is nothing inaccurate or misleading in the Court's observation that it "first saw" plaintiff's letter only "[a] few hours prior to [the December 15th] proceeding . . . ."  12/15/17 Minute Entry at 1.

In order to avoid such delays in the future, the Court again encourages plaintiff to register to receive ECF notifications by email.  In addition, the Court grants plaintiff permission to send communications to the Court (with a courtesy copy to defense counsel) via the chambers email address that was specified in the body of the email communication sent to her by a member of the Court's staff on December 15, 2017 at 5:32 p.m.; the email address that plaintiff now complains is "invalid" is incorrect and is not the email address that chambers expressly provided to her.

The Court reiterates that plaintiff must appear in person for the initial conference and

for any subsequently scheduled settlement conference; "[a]s for any other conferences that may be required in the future, this Court will attempt to accommodate plaintiff by holding them telephonically." 12/15/17 Minute Entry at 2.

Finally, the fact that plaintiff has not consented to have a magistrate judge preside at trial (see Pl. Notice at 3) does not deprive this Court of the responsibility to preside over *pretrial* matters, consistent with the practice in the Eastern District of New York. See Eastern District of New York Standing Order 4(a) (the "magistrate judge so assigned [to a civil case] is hereby empowered to act with respect to all non-dispositive pretrial matters unless the assigned district judge court orders otherwise").

      **SO ORDERED.**

**Dated: Brooklyn, New York**
     **January 5, 2018**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**