UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JOY L. CHACON,

      Plaintiff,

  v.

THOMAS E. PRICE, M.D. and CHARLES W. BECOAT,

      Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
17-CV-1997 (MKB) (RLM)

MARGO K. BRODIE, United States District Judge:

  Plaintiff Joy L. Chacon, proceeding *pro se*, commenced the above-captioned action against Defendants Thomas E. Price, M.D. and Charles W. Becoat on April 6, 2017, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA").[1] (Compl. 3, Docket Entry No. 1.)  Plaintiff served Defendants on August 7, 2017, (Summons Returned Executed, Docket Entry No. 5) and Defendants filed the Answer on November 27, 2017, (Answer, Docket Entry No. 7).  Currently before the Court is a *sua sponte* report and recommendation from Chief Magistrate Judge Roanne L. Mann, recommending that the Court dismiss the action without prejudice for failure to prosecute.  For the reasons discussed below, the Court adopts the report and recommendation and dismisses the action without prejudice.

---

[1] Although the report and recommendation dated March 28, 2018 (the "R&R"), lists the action as brought pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FLMA"), (R&R 1, Docket Entry No. 20), Plaintiff's claims were pursuant to Title VII and the ADEA, (Compl. 3, Docket Entry No. 1).

## I. Background

Plaintiff failed to appear for a December 15, 2017 initial conference with Judge Mann. (Minute Entry dated Dec. 15, 2017, Docket Entry No. 13.) Judge Mann rescheduled the conference for January 24, 2018, and notified Plaintiff of the rescheduled date by first class mail and electronic mail. (*Id.*) By letter dated December 28, 2017, Plaintiff notified the Court that she wished to "withdraw[] [her] case without prejudice." (Notice of Voluntary Dismissal Without Prejudice 1, Docket Entry No. 14.) Judge Mann issued a Memorandum and Order on January 5, 2018, notifying Plaintiff that because Defendants answered the Complaint, she could not unilaterally withdraw her case. (Mem. and Order dated Jan. 5, 2018, Docket Entry No. 15.)

Plaintiff failed to appear at the January 24, 2018 conference. (Minute Entry dated Jan. 24, 2018, Docket Entry No. 17.) Judge Mann noted in the minute entry that Plaintiff appeared to "have abandoned this lawsuit," (*id.* at 1), and directed Plaintiff to show cause, in writing, by February 5, 2018, why her action should not be dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, (*id.* at 1–2). A copy of the January 24, 2018 minute entry was sent to Plaintiff by Federal Express and first class mail. After multiple unsuccessful attempts at delivery, the Federal Express mailing was returned to the Court. (Federal Express Mail Returned, Docket Entry No. 18.) In addition, the post office returned the copy of the minute entry sent by first class mail with the notation "INSUFFICIENT ADDRESS. UNABLE TO FORWARD." (USPS Mail Returned, Docket Entry No. 19.)

In a report and recommendation dated March 28, 2018, Judge Mann found that Plaintiff has failed to respond to the January 24, 2018 order and "made it impossible for the Court to communicate with her." (R&R 2, Docket Entry No. 20.) Accordingly, Judge Mann recommended that the Court dismiss the Complaint without prejudice for failure to prosecute and

failure to comply with the Court's orders. (*Id.*) No party has objected to the R&R.

   II. **Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1). The Court dismisses the Complaint, without prejudice, for failure to prosecute. The Clerk of Court is directed to close this case.

SO ORDERED:

        s/ MKB           
MARGO K. BRODIE
United States District Judge

Dated: May 9, 2018
      Brooklyn, New York